UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMANUEL FINCH,

Plaintiff,

v.

K. RICHARD WHITEHEAD, et al,

Defendants.

CASE NO. 3:19-cv-5675 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 24, 2019

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is defendants' Motion to Dismiss (Dkt. 6) and the following miscellaneous motions: plaintiff's Motion for Scheduling Order (Dkt. 8); plaintiff's Motion to Remand/Remove case back to Pierce County Superior Court (Dkt. 13); plaintiff's Motion to Challenge the Sufficiency of the Pleading Under FRCP 12(b)(6) (Dkt. 19); Application for Writ of Mandamus (Dkt. 22).

Having considered plaintiff's complaint and the relevant law, this Court recommends that defendants Motion to Dismiss be granted and plaintiff's claim be dismissed with prejudice.

Plaintiff has filed his § 1983 complaint stating that he received ineffective assistance of counsel at his trial and seeks reversal, remand, or a new trial, but does not seek monetary damages. This type of claim must be brought in federal court as a § 2254 petition for writ of habeas corpus—not § 1983. Plaintiff brings additional claims for legal malpractice and conspiracy arising under state and federal law that are barred by the statute of limitations. Plaintiff has not plead facts demonstrating that equitable tolling is proper for his case.

Accordingly, this Court recommends plaintiff's claims be dismissed with prejudice.

MATERIALS FOR CONSIDERATION

Attached to the motion to dismiss, defendants submit an unpublished decision from the Court of Appeals of the State of Washington, Division II, affirming plaintiff's conviction and sentence, but remanding the case to the Superior Court to modify the conditions of plaintiff's community custody. *See* Dkt. 8-1 at 4.

In ruling on a motion to dismiss, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court may take judicial notice of matters either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records). Accordingly, the Court takes judicial notice of the Court of Appeals decision.

PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, initially filed his complaint with the Superior Court of Washington. Defendants removed the action to this Court on July 24, 2019. Dkt. 1 at 1. This Court has original jurisdiction of this action under 28 U.S.C. § 1331. *See* Dkt. 1 at 1-2. Pursuant to 28 U.S.C. § 1441(a), defendants are permitted to remove this action to the district court because it arises under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.

Defendants filed a Motion to Dismiss (Dkt. 6) on July 31, 2019. Thereafter, plaintiff was properly served with a *Rand* Notice. *See* Dkt. 7. Plaintiff filed a Motion for Leave to File Overlength Brief (Dkt. 10), which this Court granted. *See* Dkt. 15. Plaintiff's response to defendants' motion to dismiss was filed on August 5, 2019. *See* Dkts. 10, 14. Defendants replied to plaintiff's response on August 23, 2019. Dkt. 16.

Additionally, plaintiff has filed a Motion for Scheduling Order (Dkt. 8), a Motion to Remand/Remove case back to Pierce County Superior Court (Dkt. 13), a Motion to Challenge the Sufficiency of the Pleading Under FRCP 12(b)(6) (Dkt. 19), and an Application for Writ of Mandamus (Dkt. 22).

STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere conclusory statements in a complaint and

"formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly,* 550 U.S. at 544; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US 519 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992) (The Court liberally construes a *pro se* pleading but cannot supply facts to a complaint.).

BACKGROUND

Plaintiff was convicted by a jury of first degree child rape and first degree child molestation. *See* Pierce County Superior Court Cause No. 10-1-03475-9. Plaintiff appealed his conviction, which was affirmed by the Court of Appeals of the State of Washington, Division II. *See State v. Finch,* 174 Wn.App. 1049 (2013); Dkt. 8-1 at 4. Plaintiff filed the instant case against his trial defense counsel, K. Richard Whitehead, and the Department of Assigned

Counsel alleging both federal and state law claims arising under "E.L.C. 1.4; R.C.W. 4-16-070; 42 USC 1981; 42 USC 1983; 42 USC 1985(3); 42 USC 1986; R.C.W. 4-96-010(1); R.C.W. 4-44-180[.]" Dkt. 1-2 at 3. Specifically, plaintiff's claims include legal malpractice; breach of fiduciary duty of loyalty during trial; conspiracy between defense attorney and the state to convict plaintiff; defense attorney's failure to obtain written informed consent from plaintiff to conduct legal business and/or representation during trial; and defense attorney "acted on his own with-in the definition of 'Implied Consent[.]'" Dkt. 1-2 at 3-4. Plaintiff's desired remedy is "a retrial, remand or reversal." Dkt. 1-2 at 25.

Defendants filed their motion to dismiss asserting multiple defenses to plaintiffs claim: improper defendant; expired statute of limitations; plaintiff's claim fails to meet the pleading requirements for a claim under 42 U.S.C. § 1983; plaintiff fails to allege sufficient facts to prove the required elements of his negligence claims; Washington State does not recognize claims for violation of its constitution; failure to exhaust administrative remedies. *See* Dkt. 6. Additionally, defendants assert that plaintiff's claim should be dismissed for lack of proper service pursuant to Court Rule 4 of the Washington Rules for Superior Court. CR4; CR 12(b)(5).

## DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, at least two elements must be met: (1) the alleged infringement must have been proximately caused by a person acting under color of state law and (2) defendants' conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527 (1981). A third element of causation is implicit in the second element. *See Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d

1386, 1390-91 (9th Cir. 1980), *cert denied*, 449 U.S. 875 (1980). A plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**I.      Ineffective Assistance of Counsel**

Plaintiff seeks a "retrial, remand, or reversal" of his state court conviction alleging what amounts to ineffective assistance of counsel. *See* Dkt. 1-2 at 3-4, 25.

A § 1983 cause of action may be brought for violation of an individual's federal constitutional rights. On the other hand, a petition for writ of habeas corpus under 28 U.S.C. § 2254 is a cause of action in which a petitioner seeks to challenge their confinement in violation of the Constitution, law or treaties of the United States. If a plaintiff is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Although it does not appear that plaintiff is seeking monetary damages, plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination,

or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87.

Here, plaintiff appears to be challenging his underlying conviction due to ineffective assistance of counsel, rather than stating that his individual constitutional rights were violated. Plaintiff states that he discovered a "symbiotic relationship between the Defense Attorney, State Prosecutor, Trial Judge and the Department of Corrections [which] conspired to convict the plaintiff by conducting a sham of a trial[.]" Dkt. 1-2 at 4. Plaintiff states that the alleged conspiracy created a manifest injustice pursuant to 42 U.S.C. § 1985(3) "because they [are] all 'State Employees[.]'" Dkt. 1-2 at 7. This conspiracy consisted of "allow[ing] the jury to slowdown, stop, repeat parts of video and allow the jury to take additional notes in violation of Court's instructions to the jury." Dkt. 1-2 at 17.

Plaintiff claims that his defense counsel "acted without regards to anything going on during his trial[.]" Dkt. 1-2 at 8. He states that "he did not know of the existence of Police Incident Reports [which plaintiff included in his complaint] but my defense attorney did during discovery and failed to inform [plaintiff] of the contents and allegations." Dkt. 1-2 at 10. Similarly, he claims that "he did not know anything about the Pre Sentence Report[.] Dkt. 1-2 at 10-11. Plaintiff also alleges that his defense counsel had a "hidden animus" against plaintiff, which created an "Implied Bias." Dkt. 1-2 at 15.

Plaintiff also alleges that his rights were violated when "the jury was permitted to separate during recess without consent of the plaintiff" and that he has "reasons to believe that . . . they were allowed to communicate with the audience." Dkt. 1-2 at 20. The remainder of plaintiff's complaint appears to be a recitation of statutes and case law, paired with legal assertions of misconduct.

"[T]he determination of whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessary to imply the invalidity of the judgment.'" *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (quoting *Edwards v. Balisok*, 520 U.S. 641 (1997)). Plaintiff's claims make clear that he believes his trial was unfair and that he received ineffective assistance of counsel. Because the remedy of an unfair trial or ineffective assistance of counsel generally is to vacate the conviction and grant a new trial, plaintiff's claim must be brought as a habeas corpus petition, rather than under § 1983. *See Butterfield*, 120 F.3d at 1024.

Accordingly, this Court recommends that plaintiff's § 1983 claim be dismissed with prejudice.

## II. Statute of Limitations

Plaintiff also states claims arising under § 1981, § 1985, and § 1986, as well as Washington State Law. Defendants assert that these claims are barred by the statutes of limitations.

### *A. § 1981, § 1985, and § 1986 Claims*

A complaint must be timely filed. Because the Civil Rights Act contains no statute of limitations, "the federal courts [ ] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). The Ninth Circuit has held that "in the absence of a federal statute of limitations for claims arising under the Civil Rights Acts [ ], the controlling statute of limitations is the most

appropriate one provided by state law." *Donoghue v. County of Orange*, 848 F.2d 926, 930 (9th Cir. 1987) (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462 (1975)). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* RCW 4.16.080(2). The statute of limitations for claims arising under § 1985 is three years. *Donoghue*, 848 F.2d at 929; *see* RCW 4.16.080(2). The Ninth Circuit has also held that the three-year statute of limitations governs § 1981 actions. *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658 (9th Cir. 1980). A one-year statute of limitations governs § 1986 claims. 42 U.S.C. § 1986; *see also Donoghue*, 848 F.2d at 929-30.

Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001) (quoting *Tworivers*, 174 F.3d at 992).

Plaintiff's alleged injury is ineffective assistance of counsel and an unfair trial. *See* Dkt. 1-2 at 3-4, 25. Plaintiff also alleges a conspiracy pursuant to § 1985. *See* Dkt. 1-2 at 4, 7. Plaintiff's conviction was affirmed by the Washington State Court of Appeals, who filed a mandate on August 30, 2013. *See* Dkt. 6-1 at 2. The Court of Appeals affirmed plaintiff's conviction holding in part that plaintiff's ineffective assistance of counsel claim failed because he did not show that defense counsel's performance fell below professional norms. Dkt. 3-1 at 12-13.

Therefore, because plaintiff has already asserted a claim for ineffective assistance of counsel, it is clear that he had reason to know of his alleged injury when the mandate was filed on August 30, 2013. *See* Dkt. 6-1 at 2. Plaintiff filed his initial claim in the Superior Court of

Washington on June 11, 2019—nearly six year after the mandate was filed. *See* Dkt. 1. The latest date by which plaintiff could have filed his claim within the statute of limitations is August 30, 2016, or August 30, 2014 for his § 1986 claim. Even assuming plaintiff had stated with particularity when he first hired the investigator—which he did not—it would not cure the fact that plaintiff has already shown that he had reason to know of his injury when his previous ineffective assistance of counsel claim was denied. As stated by the Ninth Circuit, the proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).

The Court also applies the forum state's law regarding equitable tolling. *See Wallace*, 549 U.S. at 394; *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). However, the Ninth Circuit has held that "because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276 (9th Cir. 1993). The court will grant a motion to dismiss based on the statute of limitations defense only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc.* 68 F.3d at 1206-07 (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

Here, plaintiff has not made a compelling showing that equitable tolling is proper. In his complaint, plaintiff states that "[f]rom due diligence and hiring an investigator to look through his client file from the Department of Assigned Counsel, the plaintiff discovered the symbiotic relationship between the Defense Attorney, State Prosecutor, Trial Judge and the Department of Corrections [ ] conspired to convict the plaintiff by conducting a sham of a trial . . ." Dkt. 1-2 at 4. Plaintiff further stated in his complaint that this "symbiotic relationship" amounted to a conspiracy "because they [are] all State Employees." Dkt. 7 at 1-2. The remainder of plaintiff's factual allegations in his complaint amount to ineffective assistance of counsel as discussed above. The mere fact that the defense counsel, prosecutor, judge, and Department of Corrections employees are all state employees does not give rise to the assumption that they are conspiring to convict plaintiff.

Moreover, plaintiff's response to defendants' motion to dismiss does not address defendant's statute of limitations argument. *See generally* Dkt. 14 at 1-42. Later, plaintiff filed a Motion to Challenge the Sufficiency of the Pleading under FRCP 12(b)(6) in which he includes a discussion of law and statutes related to the statute of limitations. *See* Dkt. 19 at 1-6. However, plaintiff does not allege any facts to show that his claim was filed before the statute of limitations expired, nor does he assert additional facts to show that equitable tolling was proper.

Accordingly, this Court recommends that plaintiff's claims arising under 42 U.S.C. § § 1981, 1985, and 1986 be dismissed.

*B. State Law Claims*

Plaintiff's state law claims are similarly barred by the statute of limitations. Plaintiff alleges Washington tort law violations of legal malpractice, breach of fiduciary duty of loyalty, and conspiracy. *See* Dkt. 1-2 at 3-4. These claims are barred by a three-year statute of limitations. *See*

R.C.W. 4.16.080(3). The Washington State Court of Appeals has held that in legal malpractice claims, "the statute of limitations accrues when the plaintiff has a right to seek relief in the courts." *Huff v. Roach,* 125 Wash.App 724 (2005). As previously discussed, plaintiff's appeal for ineffective assistance of counsel has been affirmed by the Washington State Court of Appeals, indicating that plaintiff had reason to know of his injuries when the mandate was issued on August 30, 2013. *See* Dkt. 6-1 at 2.

Accordingly, this Court recommends that plaintiff's state law claims be dismissed with prejudice.

**III. Plaintiff's Additional Pending Motions**

Plaintiff filed a Motion for Scheduling Order (Dkt. 8) a Motion to Remand/Remove Case back to Pierce County Superior Court (Dkt. 13), a Motion to Challenge the Sufficiency of the Pleadings (Dkt. 19), and an Application for Writ of Mandamus (Dkt. 22). Because this Court has recommended that plaintiff's claims be dismissed as barred by the statutes of limitations, plaintiff's remaining motions should be denied as moot.

CONCLUSION

For the reasons set forth above, the Court recommends that defendants' Motion to Dismiss (Dkt. 6) be **GRANTED**, and that plaintiff's claims be **DISMISSED with prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 24, 2019,** as noted in the caption.

Dated this 10th day of October, 2019.

J. Richard Creatura
United States Magistrate Judge